UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NANCY LEE NORTH, individually
and on behalf of the Estate of
William T. Hewett, deceased,

    Plaintiff,

vs.                                                CASE NO. 3:10-cv-795-J-34TEM

UNITED STATES OF AMERICA,

    Defendant.
_____

## REPORT AND RECOMMENDATION[1]

This case has before the Court for a number of in-person status hearings since the Court permitted the withdrawal of Plaintiff's Court appointed counsel on November 9, 2011 (*see* Doc. #26, Court Order granting withdrawal of Plaintiff's attorney; *see also* Doc. #24, Clerk's Minutes dated November 9, 2011). Because Plaintiff failed to attend three scheduled hearings and has failed to participate in discovery with opposing counsel, the undersigned recommends this case be dismissed.

## Background Facts

Plaintiff initiated this action as a *pro se* litigant (*see* Doc. #1, Complaint). Thereafter, counsel was appointed by the Court to represent Plaintiff on a *pro bono* basis, but the appointed attorney subsequently sought leave to withdraw due to irreconcilable differences

---

[1]Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

(*see* Doc. #21, Unopposed Motion to Withdraw as Counsel for Plaintiff). A hearing was held on the motion to withdraw, which resulted in the Court granting the motion and reminding Plaintiff of her obligations as a *pro se* litigant (*see* Doc. #24, Clerk's Minutes). A status hearing was held on December 5, 2011, at which Plaintiff appeared and advised her intent to seek new counsel, and the Court continued the matter to January 24, 2012 for an additional status hearing (*see* Doc. #27, Clerk's Minutes). On January 23, 2012, Plaintiff contacted the chambers of the undersigned by telephone to request a change in the upcoming status hearing due to an injury that had recently occurred to her hand (*see* Doc. #32, Plaintiff's response to Order to Show Cause). The Court continued the hearing to February 7, 2012 (Doc. #29, Notice of Rescheduling Hearing). Plaintiff did not appear at the February 7 hearing (Doc. #30, Clerk's Minutes). A show cause order issued and another hearing was set (Docs. #31, #33). Plaintiff failed to attend the March 13 status hearing and therefore, on March 13, 2012, the undersigned entered the Order to Show Cause (Doc. #35) directing Plaintiff to appear before the undersigned on April 3, 2012. Plaintiff again failed to appear and she did not request a continuance of the status hearing.[2]

Three orders to show cause have been issued in this case (*see* Docs. #10, #31, #35). In the first two instances, Plaintiff was directed to show cause in writing as to why the case should not be dismissed for failure to prosecute. Plaintiff responded to those orders (Docs. #12, #32) and the Court discharged the show cause on both occasions. Given

---

[2]The non-transcribed recordings of the hearings before the undersigned are hereby incorporated by reference. The Court takes note that at the February 7, March 13 and the April 4 hearings, counsel for the United States advised the Court that Plaintiff has continued to fail to respond to discovery requests that were due in early February 2012.

The parties may contact the Courtroom Deputy of the undersigned if a transcript of any hearing is desired.

Plaintiff's *pro se* status and the possible mitigating circumstance of Plaintiff's finger/hand injury in January 2012 (*see* Doc. #32, Plaintiff's response to Order to Show Cause), the Court gave Plaintiff a final opportunity to show cause why this case should not be dismissed and issued the March 13, 2012 order directing to Plaintiff to appear before the Court on April 3, 2012 and show cause why dismissal should not be recommended (*see* Doc. #35). Specifically, Plaintiff was warned that absent her ability to show cause, the undersigned was prepared to recommend to the District Judge that this case be dismissed for failure to prosecute and failure to follow orders of the Court. *Id.*

**Finding and Recommendation**

The undersigned finds Plaintiff has shown disregard for the Court's orders in this litigation, the Federal Rules of Civil Procedure, and the Local Rules of the Middle District of Florida. The failure of Plaintiff to participate in the prosecution of this case, combined with the failure to respond to direct Court orders, is found to be a clear record of willful delay and disobedience. *Cf. Sussman v. Salem, Saxon & Nielson, P.A.*, 154 F.R.D. 294, 299-301 (M.D. Fla. 1994). Therefore, pursuant to Rule 41(b), dismissal of this action is appropriate. *See Brown v. Tallahassee Police Dept.*, 205 Fed. Appx. 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order. . . . Dismissal pursuant to Rule 41(b) upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (internal citations and quotations omitted); *see also Jones v. Graham*, 709 F.2d 1457 (11th Cir. 1983) (per curiam) (recognizing dismissal of an action for failure to comply with numerous court orders is an appropriate sanction if the court reasonably concludes a lesser sanction would be futile). On the record of this case, the

undersigned believes a sanction less than dismissal would be futile.

Accordingly, and for the reasons stated herein, the undersigned hereby **RECOMMENDS this matter be dismissed for failure to prosecute and to comply with the Court's orders**.

**DONE AND ENTERED** at Jacksonville, Florida this 5th day of April, 2012.

Copies to:
Counsel of record
*Pro se* Plaintiff

**THOMAS E. MORRIS**
United States Magistrate Judge