**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NANCY LEE NORTH, individually and on
behalf of the Estate of William T. Hewitt,
deceased,

      Plaintiff,

v.                                                            Case No.: 3:10-cv-795-J-34TEM

UNITED STATES OF AMERICA,

      Defendant.
_____/

## **ORDER**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. No. 37; Report), entered by the Honorable Thomas E. Morris, United States Magistrate Judge, on April 5, 2012. In the Report, Magistrate Judge Morris recommends the dismissal of this action pursuant to Rule 41(b), Federal Rules of Civil Procedure ("Rule(s)"), based upon Plaintiff's failure to appear at three consecutive status hearings, failure to comply with the Court's Order to Show Cause (Doc. No. 35), and failure to participate in discovery with opposing counsel. See Report at 1-3. Plaintiff, who is proceeding pro se, has failed to file objections to the Report, and the time for doing so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of

those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Upon independent review of the file, the Court determines that while dismissal of this action is appropriate, the Court will do so on a basis different than the one offered by the Magistrate Judge.  While the Court understands the Magistrate Judge's frustration at Plaintiff's failure to appear for scheduled proceedings and to respond to court orders, the Court is of the view that a dismissal under Rule 41(b), which would act as "an adjudication on the merits," is unnecessary.  See Rule 41(b); see also Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505-06 (2001) (stating that under Rule 41 "an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice'").  Rather, the Court will dismiss the action without prejudice for Plaintiff's failure to prosecute, pursuant to Local Rule 3.10, United States District Court, Middle District of Florida ("Local Rule(s)").  Dismissal is proper under Local Rule 3.10 because Plaintiff has failed to comply with or respond to the Court's Order to Show Cause (Doc. No. 35).  See Local Rule 3.10 ("[I]f no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution.").  Moreover, the Court notes that the Order to Show Cause (Doc. No. 35) gave Plaintiff a final opportunity to show cause why the case should not be dismissed, and cautioned Plaintiff that if she failed to respond, the Magistrate Judge would recommend dismissal of the action for failure to prosecute and failure to follow court orders.  Accordingly, it is hereby

**ORDERED:**

1. The Court adopts the Background Facts set forth in the Magistrate Judge's Report and Recommendation (Doc. No. 37) as the Court's findings, but declines to adopt the recommended resolution.

2. This case is **DISMISSED without prejudice**.

3. The Clerk of the Court is directed to terminate all pending motions and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of May, 2012.

MARCIA MORALES HOWARD
United States District Judge

lc17
Copies to:

The Honorable Thomas E. Morris,
 United States Magistrate Judge

Counsel of Record
Pro Se Party